**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **BANCO POPULAR DE PUERTO RICO,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MABLE HARRIGAN,** )<br>)<br>**Defendant.** )<br>) | Case No. 3:02-cr-0119 |

**ORDER**

**BEFORE THE COURT** is the Verified Motion to Reopen Case and for Leave to Execute on Judgment pursuant to 5 V.I.C. § 488, filed by Matthew R. Reinhardt, Esq., counsel for DLJ Mortgage Capital, Inc. (ECF No. 27.) Also before the Court is the Third Motion for Substitution of Plaintiff and Assignment of Judgment pursuant to Fed. R. Civ. P. 25(c), filed by same. (ECF No. 29.) For the reasons stated herein, the Court will deny the motions.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 5, 1997, Mable Harrigan ("Harrigan") signed a mortgage with Banco Popular of Puerto Rico ("Banco Popular") in the amount of $110,000.00 secured by property located at Parcel No. 80 Estate Bordeaux, No. 6 West End Quarter, on the island of St. Thomas, United States Virgin Islands. Five years later, Banco Popular commenced this action by filing a complaint against Harrigan on June 21, 2002. Harrigan did not answer or appear.

Banco Popular filed a motion for entry of default on August 16, 2002. On August 22, 2002, the Clerk of Court entered default against Harrigan. On September 10, 2002, Banco Popular moved for default judgment, which the Court granted on December 2, 2002. (ECF Nos. 13, 15-1.) The default judgment also foreclosed on the liens on the property and ordered the property be sold by the United States Marshals Service, the proceeds of which would be applied toward satisfaction of the Judgment. The Court closed the case on December 3, 2002.

Subsequently, Harrigan cured her default and redeemed the property. As a result, the judgment was not executed. *See* ECF No. 15 at 2 ¶ 4.

By June 1, 2013, Harrigan had again fallen into default, owing $87,047.02 on the principal, in addition to accrued interest, escrow advances, late charges, and fees. (ECF No. 15-2 at 3.) On June 7, 2013, Banco Popular filed a Motion to Reopen Case and for Leave to Execute on Judgment, pursuant to 5 V.I. Code § 488 ("Section 488"). The Court denied the motion without prejudice, noting that Harrigan's cure "indicate that [Harrigan] did make payments to Banco Popular on the amount due between the entry of the December 3, 2002 Judgment and the date of the [motion to reopen]" and that Banco Popular had "fail[ed] to specify the amount Banco Popular seeks to recover." (ECF No. 16 at 5.) In addition, the Court found that the summons served on Harrigan's representative was deficient because "the amount claimed and associated property [were] not identified" therein—a procedural requirement of Section 488. *Id.* at 6. Banco Popular filed no further documents and did not pursue the motion.

On February 7, 2014, Banco Popular assigned the mortgage to DLJ Mortgage Capital, Inc. ("DLJ Mortgage"). (ECF No. 18-2.) Thereafter, the docket sat dormant until May 6, 2019, when Attorney Matthew R. Reinhardt ("Attorney Reinhardt"), counsel for DLJ Mortgage—an entity which is not a party to the case, filed a Motion for Substitution of Party Plaintiff, representing that Banco Popular had transferred its interest in the Note and Mortgage to DLJ Mortgage and requesting that the party plaintiff thus be substituted from Banco Popular to DLJ Mortgage. (ECF No. 18.) On September 4, 2019, the magistrate judge denied the motion.

DLJ Mortgage, as "foreclosing assignee," again filed a Motion for Substitution of Plaintiff and Assignment of Judgment on January 12, 2021. (ECF No. 23.) To the motion, DLJ Mortgage attached the Assignment of Judgment, dated June 30, 2020. (ECF No. 23-3.) On August 3, 2021, the magistrate judge denied the motion on procedural grounds (ECF No. 28.)

On July 29, 2021, DLJ Mortgage filed a Verified Motion to Reopen Case and for Leave to Execute on Judgment. (ECF No. 27.) On November 19, 2021, Attorney Reinhardt filed the Third Motion for Substitution of Plaintiff and Assignment of Judgment (ECF Nos. 27, 29.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provides that execution of a money judgment "must accord with the procedure of the state [or territory] where the court is located" unless

*Banco Popular de Puerto Rico v. Harrigan*
Case No. 3:02-cr-0119
Order
Page 3 of 4

a federal statute governs the execution. Fed. R. Civ. P. 69(a); *Schreiber v. Kellogg*, 50 F.3d 264, 267 (3d Cir. 1995). Because no federal statute governs the execution of local foreclosure judgments, the Court looks to Virgin Islands law to determine whether the Plaintiff may execute a December 3, 2002 Judgment in 2022. Virgin Islands Code requires that judgments in the Virgin Islands must be enforced within the twenty (20) year lifespan of the judgment. 5 V.I. Code § 31(1)(B). "Title 5 of the Virgin Islands Code ("Section 488") requires that a judgment creditor seeking execution five or more years after entry of the judgment must obtain leave of the court by motion." *Chase Manhattan Bank N.A. v. Stapleton*, Civil No. 1993-29, 2008 U.S. Dist. LEXIS 58860, at *4 (D.V.I. July 31, 2008). Section 488 provides in pertinent part:

> Whenever, after the entry of judgment, a period of five years shall elapse without an execution being issued on such judgment, thereafter an execution shall not issue except as in this section provided:
> (1) The party in whose favor a judgment was given shall file a motion with the clerk of the court where the judgment was entered for leave to issue an execution. . . .

5 V.I.C. § 488.

The Federal Rules of Civil Procedure likewise prescribe the procedure for a motion for substitution of parties where there is a "transfer of interest." "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Rule 25(c) is properly invoked whenever there is 'any transfer of interest' during the pendency of an action." *Tradewinds, Inc. v. Citibank, N.A.*, Civil No. 80-7, 1983 U.S. Dist. LEXIS 10233, at *2 (D.V.I. Jan. 11, 1983) (explaining that such an order is discretionary and that the court must first determine whether the inclusion of the transferee "would facilitate the conduct of the litigation") (quoting 7A Wright and Miller, Federal Practice and Procedure, § 1958 (1972)).

### III. DISCUSSION

DLJ Mortgage, by and through Attorney Reinhardt, filed the Verified Motion to Reopen

Case and for Leave to Execute on Judgment on July 29, 2021,[1] (ECF No. 27.) The Court finds that, following the Court's order for judgment and foreclosure, Harrigan brought her account current and cured the default. *See* ECF Nos. 15 at 2, 15-2, ¶ 4. The judgment on the default was not executed because the default was cured and the property redeemed. The case was closed on December 3, 2002.

Although Harrigan allegedly fell into default on the same property several years later, there was no outstanding judgment against her at the time of the new default. As such, there is no judgment to execute in the instant case. Should DLJ Mortgage wish to pursue collection on the new default, DLJ Mortgage may bring a new foreclosure action.

On November 19, 2021, DLJ filed a Third Motion for Substitution of Plaintiff and Assignment of Judgment, pursuant to Fed. R. Civ. P. 25(c). This Court has previously explained that Rule 25(c) is "properly invoked . . . during the pendency of an action." *Tradewinds, Inc.*, 1983 U.S. Dist. LEXIS 10233, at *2. Here, the matter is closed; litigation is not pending in the matter.

The premises considered, it is hereby

**ORDERED** that the Verified Motion to Reopen Case and for Leave to Execute on Judgment filed by DLJ Mortgage Capital, Inc., ECF No. 27, is **DENIED with prejudice**; and it is further

**ORDERED** that the Third Motion for Substitution of Plaintiff and Assignment of Judgment by DLJ Mortgage Capital, Inc., ECF No. 29, is **DENIED with prejudice**.

**Dated:** March 15, 2022　　　　　　　　　　　　　　　/s/*Robert A. Molloy*
　　　　　　　　　　　　　　　　　　　　　　　　　　**ROBERT A. MOLLOY**
　　　　　　　　　　　　　　　　　　　　　　　　　　**Chief Judge**

---

[1] DLJ Mortgage is not a party to this case. Attorney Reinhardt filed a notice of appearance for DLJ Mortgage, a non-party, but filed the document on the record "on behalf of Plaintiff Banco Popular de Puerto Rico," a party in the matter. *See* docket entry for ECF No. 17 ("Notice of Appearance by Matthew Reinhardt on behalf of Plaintiff Banco Popular De Puerto Rico"). The document filed therein stated different representation: "PLEASE TAKE NOTICE that the undersigned law firm . . . hereby enters its appearance as counsel for DLJ MORTGAGE CAPITAL, INC. . . . ," which was signed by Matthew R. Reinhardt. ECF No. 17 at 1.